## SUPREME COURT.

THE PEOPLE *ex rel.* TRACY agt. ANDREW H. GREEN, Comptroller, &c.

*Mandamus — claim against the county — its legality.*

A legal claim against a county is not made so by its audit by the board of supervisors. What are and what are not county charges are settled by law, and when the board of supervisors determines the amount of the debt due from the county, resulting from services rendered or goods furnished, which relate to a county charge, their decision is conclusive, inasmuch as they act judicially.

Whether a claim is a county charge depends upon facts; and, in a proper case, they may be inquired into upon issues raised on an alternative mandamus issued for the payment of the claim.

*New York, Special Term, April,* 1874.

*Before* BRADY, *J.*

APPLICATION for a mandamus to compel the comptroller of the city of New York to pay the relator's claim.

BRADY, *J.*—The audit by the board of supervisors of a claim as a county charge will not have the legal effect of making it

People *ex rel.* Tracy agt. Green.

one, whether it be so or not. Such a proposition could not be entertained for a moment. What are and what are not county charges are settled by law, and when the board of supervisors determines the amount of the debt due from the county, resulting from services rendered or goods furnished, which relate to a county charge, their fiat is conclusive, inasmuch as they act judicially (*Brown* agt. *Green*, 46 *How. Pr. Rep.*, 302, *and cases cited*). Whether the relator's claim is within the term county charge, depends upon facts; and whether it should have been audited, assuming it — although it is otherwise averred—to be in its items, in all respects, just and true, are questions which he should have an opportunity to present for examination. It seems that at common law the sheriff was not bound, nor were the public authorities under any obligation, to provide the debtor in execution with meat or drink. "He ought to live of his own goods, and if he have no goods he shall live on the charity of others" (*Dive* agt. *Maningham*, 1 *Plow.*, 60, *and cases cited, per* MONTAGUE, *Ch. J.*); and this rule was expressed by the legislature, when by enactment it was declared that, " whenever any person shall be arrested by virtue of an execution upon any judgment rendered in a court of record, he shall be safely kept in secure custody, in the manner prescribed by law, at his own expense, until he shall satisfy such execution, or be discharged according to law " (3 *R. S.*, 5 *ed.*, 659, § 105).

Whether the rule extends to prisoners on *mesne* process, it may not now be necessary to inquire, although it would seem to be more appropriate to that class. The sum provided therefor by the act of the legislature for the "support of prisoners in the county jail" (*Laws* 1870, *p.* 877), was a gratuity by the people, in contravention, perhaps, of the common law and the statute already cited, which were in harmony and against the policy adopted. It may be that the amount thus given — namely, $45,000, was for the support only of those without means, and therefore unable to

People *ex rel.* Tracy agt. Green.

supply their own wants. It is not impossible that this view will be ultimately accepted as a proper interpretation of this and similar provisions. However this may be, it seems that the appropriation is a gratuity, and, when exhausted, the obligation to apply it as directed having been made, all duties connected with it or created by it cease.

It seems also that the sum mentioned having been used for the purposes designed, as it is alleged, no claim resting upon supplies given to prisoners in execution existed as a valid charge against the county. There was no fund out of which it could be paid. The fund alone created the liability. It seems also that such a claim, not being valid, no further legislation of a general character providing for the payment of claims against the county is available to the relator. He is not, it seems, a creditor. His claim should be referred to by special mention, and thus recognized and allowed. There are no statutory laws in conflict with these views. The section in reference to prisioners (1 *Rev. Stat.*, 4*th ed.*, 941, § 8) applies to those to be tried for criminal offenses and under sentence. They must be supplied with wholesome food at the expense of the county. It is not necessary, notwithstanding these views, to deny this motion.

I have only suggested the difficulties that must be overcome, perhaps, before the relator may demand his payment from the county; and, in order to have all the questions properly tried and disposed of, an alternative mandamus may be ordered, and all necessary issues, as well on his behalf or on behalf of the county, can be framed and decided.

Ordered accordingly.